BLISS et al. v. SICKLES, Sheriff, et al.

(Supreme Court, General Term, First Department. December 16, 1892.)

1. SALE—RESCISSION—PROOF OF FRAUD.

In an action to rescind a sale and to recover the goods on the ground that the sale was procured by means of a fraudulent statement, defendants claimed that the statement was not delivered to plaintiffs or intended for them as a basis of credit, and testified that the statement was delivered to the bank of which plaintiff B. was vice president, for the purpose of inducing the bank to discount certain notes for defendants. It also appeared that the statement was delivered to the bank on the day it discounted the notes, and was continually in its possession thereafter. Plaintiff B. testified that the statement was handed to him in his office after the notes were discounted by the bank, but on the same day, and was intended, not as a statement for the bank, but for his firm, and that subsequently he delivered the statement to the bank, which retained it until demanded by him prior to the commencement of this action. *Held*, that a verdict sustaining plaintiff's version of the transaction would not be disturbed.

2. SAME—DELIVERY OF GOODS.

A portion of the goods was ordered before the statement was given, but was not delivered until afterwards. The orders were not for goods existing in specie, but they were to be manufactured. *Held*, that the extension of credit was not completed at the time of taking the orders, and hence if, in delivering the goods, reliance was placed on a fraudulent representation, the contract could be rescinded.

3. SAME—CONTEMPORANEOUS FRAUD.

In order to prove contemporaneous fraud it need not be shown that representations on which others relied were made at the same time that plaintiffs were defrauded, but it is sufficient if the transactions of the others were contemporaneous with plaintiffs', though the representations on which they relied were made several months before.

4. SAME—INSTRUCTIONS.

Defendant banks had obtained judgments against the purchaser, and had caused executions to be levied on the property in suit. In the action to avoid the sale of the goods by plaintiffs to defendants the court charged that "this action is virtually a contest between the plaintiffs and the two banks as to who should have the goods or their value." *Held*, that this statement should not have been made, but that, when considered in the light of the clear and explicit charge as to the issue of fraud presented for the consideration of the jury, it could not have prejudiced defendants, and therefore the error was not fatal.

Appeal from circuit court, New York county.

Replevin by Cornelius N. Bliss, George F. Fabyan, Jacob Edwards, Peder Olsen, and Orlando H. Alford against Daniel E. Sickles, sheriff of the city and county of New York, the Central National Bank, the Hanover National Bank, Sigmund Fechheimer, and John Rau. From a judgment entered on a verdict in favor of plaintiffs, and from an order denying their motion for a new trial, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and LAWRENCE, JJ.

Blumenstiel & Hirsch, (A. Blumenstiel, of counsel,) for appellants.

Carter, Pinney & Kellogg, (Frederic R. Kellogg, of counsel,) for respondents.

O'BRIEN, J. The action was in replevin to recover the possession of the personal property described in the complaint, which had been sold to the firm of Fechheimer & Rau by the plaintiffs. That firm

failed May 1, 1890. The defendant banks above named recovered judgments against the failing debtors, and, under executions issued upon such judgments, the sheriff had levied upon and taken possession of the merchandise in question. The execution creditors became parties to the suit subsequently, pursuant to motion made by them for that purpose. The value and identity of the property was agreed upon at the trial, so that the question of fraud was the sole issue of fact litigated. The plaintiffs claimed the right to rescind the contract of sale and to take the merchandise upon the ground that the property was obtained from them by fraud. The alleged wrong was charged to have been perpetrated by means of the statement set forth in the case, which the plaintiffs say was delivered to them to induce the sale of the goods referred to, and upon which they relied. The defendants claimed that this document was never delivered to the plaintiffs nor intended for them as a basis of any credit, but that it was handed to Cornelius N. Bliss, one of the plaintiffs, in his capacity as vice president of the Fourth National Bank, to procure the discount of certain notes for the accommodation of defendants, which notes were fully paid before the failure. Upon this question of fraud the jury found against the defendants, and against the validity of the judgment entered on such verdict several grounds are urged. It is insisted that such verdict was against the weight of evidence, and that certain errors of law were committed in the admission of evidence, and in the judge's charge, which entitle the defendants to a reversal. Unquestionably the claim of fraud was mainly, if not solely, based upon the written statement of the defendants of their assets and liabilities, which was made in December, 1889, and delivered to the plaintiffs, as claimed by them, or to the bank, as claimed by the defendants. Where fraud based upon false representations is relied upon, it is the settled law that to maintain the action the plaintiff must establish (a) that a false statement was made, intended to influence the plaintiff's action in parting with the property; (b) that it was relied upon by the plaintiff to his damage; (c) that it was made with intent to deceive and defraud. These propositions of law would exclude the idea that representations of a debtor to third persons not defrauded are available to establish fraud in favor of another creditor, from which it would seem to follow that if a creditor has notice or obtains possession of a statement which the debtor neither intended for him, nor to be acted or relied upon by him, such statement cannot form the basis of a cause of action for fraud in favor of such creditor. It is not seriously claimed in this case that the statement made in December was not false; and assuming it to have been delivered to the plaintiffs, there was evidence sufficient to justify a verdict that the same was relied upon by the plaintiffs to their damage, and was made with intent to deceive and defraud them.

The crucial question, however, presented for the consideration of the jury, was whether this statement was delivered to Mr. Bliss as a member of plaintiffs' firm, or given to him, or to the bank at his request, for the purpose of inducing the bank to discount certain notes for the defendants. Mr. Bliss' testimony was, in effect, that the statement was handed to him after the notes were discounted by the bank, on the same

day, in his office, and was intended, not as a statement for the bank, but as a statement to his firm, and that subsequently he delivered the statement to the bank, which retained the same until demanded by him prior to the commencement of this action. The defendants' testimony was that the statement was delivered to the bank; and this to some extent was supported by the circumstance of its being delivered on the same day of the discount of the notes to the bank, and by the further fact of its being held continuously thereafter in the bank's possession. It will be noticed, however, that neither of the defendants who testified claimed personally to have knowledge of the actual delivery to the bank, and therefore their statement to that effect does not overweigh that of Mr. Bliss, who testified positively that the statement was delivered to him in his office, and subsequently by him was delivered to the bank. We think, upon the testimony, even admitting the strength of some of the circumstances which incline favorably to the defendants' version, that it was peculiarly a question for the jury, and that their verdict thereon should not be disturbed. A verdict upon a question of fact presented to a jury upon disputed evidence should only be disturbed by this court upon appeal in cases where it clearly appears to be wrong and against the weight of evidence.

It is strenuously insisted, however, that, inasmuch as it clearly appears that the orders for a greater part of the goods to be manufactured were given prior to the making of the statement, such statement could not have been relied upon with respect to such orders by the plaintiffs in extending credit to the defendants. But we think that in this insistence the appellants overlook a very important consideration, which grows out of the time of the delivery of these goods. It is beyond dispute upon the evidence that the goods replevied, though some may have been ordered before, were all delivered subsequent to the making of the statement. The false statement was made in the first part of December, 1889, and the goods in question were delivered from January 11, 1890, to April 26, 1890, inclusive. With respect to the portion of the goods ordered and delivered subsequent to the statement no question can arise. It remains to be considered whether the verdict was contrary to law as to goods ordered before, but delivered subsequent to, the statement. We think the cases of Whittin v. Fitzwater, (N. Y. App.) 29 N. E. Rep. 298, and Talcott v. Einstein, 12 Wkly. Dig. 442, upon the facts here appearing, are conclusive. The transactions between the parties did not relate to sales of goods which, at the time of taking the orders, existed in specie. They were goods to be manufactured. No title passed to defendants at the time of taking the order for manufacturing to be done thereafter, and until delivery no claim could be made by defendants that they were the owners of the goods; and hence, if in delivering the property, and thus vesting them with the rights of ownership, reliance was placed upon a fraudulent representation, the contract could be rescinded. In other words, we think that the extending of credit was not completed at the time of the taking of the orders, and that, in the disposition of the question whether the credit was extended to these goods to be manufactured, it must be resolved by a considera-

tion, not only of the date of the orders, but also whether it existed until such time as the purchase was consummated, which was at the time of delivery.

In addition to the questions relating to the weight of evidence, and as to the time when the credit was extended in reliance upon the false statement, certain errors of law are assigned, which will be briefly considered. One of the reporters for the commercial agency of R. G. Dun & Co. was allowed to testify, under objection, to two conversations with different members of defendants' firm, one in May, 1889, and another in August, 1889, which, it was shown, resulted in a report to the agency; and subsequently to the firm of Gelbermann, Donnerich & Co., who claimed on the faith thereof to have sold goods to the defendants, and to have been thereby defrauded. The insistence of the defendants is that a statement of the debtors' condition in December, 1888, which in May and August, 1889, was reported to the agency as remaining unchanged, and which was made the basis of a subsequent purchase from Gelbermann, Donnerich & Co., was not competent evidence, because not proof of contemporaneous fraud within the authorities. It is not claimed that the plaintiffs in any way knew of such statements or were influenced thereby, but such evidence was introduced for the purpose of establishing contemporaneous fraud. It was proven that such statements were false, and evidence was adduced tending to support the view that they were relied upon by the firm of Gelbermann, Donnerich & Co. The appellants are right in their legal contention that, while it was competent to prove other fraudulent transactions with a view of raising an inference of fact, these transactions, to be admissible, must be shown to have been contemporaneous. The error into which the appellants fall, however, is in not distinguishing between the making of the statement and the commission of the fraud. The mere making of the statement in itself was no fraud, but became so only from its communication to a creditor who, in reliance thereon, parted with his property. Here, the transactions with Gelbermann, Donnerich & Co. relied upon were not consummated until the goods were actually obtained by the vendees, and the dates of the deliveries are the dates of the perfected transactions, which, if legally based upon the antecedent statement, are fraudulent and void at the vendor's option. Applying this rule, it will be found that the deliveries by Gelbermann, Donnerich & Co. were made during the same period that goods were obtained from the plaintiffs, and thus they were contemporaneous acts of fraud, and competent as evidence within the authorities.

Another error assigned is that raised by the exception taken to the charge of the court, in substance, that "this action is virtually a contest between the plaintiffs and the two banks as to who should have the goods or their value." We think that this statement should not have been made; but when considered in the light of the very clear and explicit charge of the judge as to the issue of fraud presented for the consideration of the jury, we are satisfied that it could have in no way prejudiced or injured the appellants. The issue of fraud was made the salient feature of the judge's charge, and was formulated and presented in various

ways, not only in the direct charge, but in the requests made by appellants' counsel to charge which were granted.   Upon the whole case, we do not think that the errors assigned are tenable, or such as would justify us in interfering with the judgment.   Our opinion, therefore, is that it should be affirmed, with costs and disbursements.   All concur.